Larry MOORE, Plaintiff–Appellant,

v.

Bruce CURTIS, et al., Defendants–
Appellees.

No. 02–2277.

United States Court of Appeals,
Sixth Circuit.

June 13, 2003.

■■■

Before: KEITH, BATCHELDER, and CLAY, Circuit Judges.

## *ORDER*

Larry Moore, a pro se Michigan prisoner, appeals the district court order granting summary judgment to the defendants in this civil rights action construed as brought under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et seq., and the Rehabilitation Act (RA), 29 U.S.C. § 794(a), et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Moore sued the Michigan Department of Corrections (MDOC) and MDOC officials and employees Bruce Curtis, Bruce Barea, Paul Chavez, M.J. Pass, Makara, D. Martin, T. Oliver, D. Ranck, M. Wallace, J. Freiburger, C. Horvath, W. Jackson, B. Lowden, J. Hemenway, and P. Dampier. Moore is disabled and uses a wheelchair. He alleged that while he was incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan (JMF), the defendants violated his rights when they both failed to provide him with an assistant and provided him with assistants who abused him verbally and physically. He claimed that, as a result, he was denied privileges, food, and medical care. The district court granted Moore in forma pauperis status, screened the complaint, and dismissed the complaint against some of the defendants because Moore had not alleged any personal involvement by them. The remaining defendants moved to dismiss or for summary judgment, and Moore filed a response. The magistrate judge recommended granting summary judgment to the defendants. The district court adopted the magistrate judge's report and recommendation over Moore's objections.

In his timely appeal, Moore reasserts his district court claims and argues that the district court should have ruled on his motion for a class action.

■■ Initially, we note that Moore's prisoner's request for injunctive and declaratory relief is moot because he is no longer incarcerated at JMF. *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996). Accordingly, only Moore's request for monetary relief may go forward.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■■ Upon review, we conclude that the district court properly granted summary judgment to the defendants because Moore failed to present significant probative evidence in support of his complaint to defeat the defendants' motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the district court held, Moore suffered at most isolated instances of the deprivation of food and medical care. He failed to show that he suffered any serious harm or that he was deprived of any basic human need. *See Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Moore also failed to show that the

defendants were deliberately indifferent to his needs. *See Wilson v. Seiter*, 501 U.S. 294, 302–03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To the contrary, the record indicates that the defendants went to great lengths to respond to Moore's complaints. In his response to the defendants' motion, Moore simply submitted additional copies of grievances and complaints he filed in prison. In his objections to the magistrate judge's report and recommendation, Moore merely claimed that Barea lied. Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Because Moore did not present substantial evidence to support either the objective or subjective component of an Eighth Amendment claim, the district court properly granted summary judgment to the defendants. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Moore's claims fail under the ADA and the RA for the same reason they fail under the Eighth Amendment. Title II of the ADA prohibits public entities from discriminating on the basis of an individual's disability in the provision of services, programs, or activities. *See* 42 U.S.C. § 12132. The RA prohibits a program receiving federal funding from discriminating against an "otherwise qualified individual with a disability." 29 U.S.C. § 794(a). Moore did not allege or show that the defendants deprived him of any service, program, or activities because of his disability, and his disputes with staff and his inmate assistants resulted in only isolated instances where he missed meals or privileges. Accordingly, the district court properly granted summary judgment to the defendants when Moore's claims are considered under the ADA and the RA.

Moore's argument that the district court should have considered his request to convert his lawsuit into a class action is without merit. There is nothing in the record to indicate that Moore moved to certify the case as a class action under Fed.R.Civ.P. 23 or that the case met any of the requirements of a class action.

The district court properly held that there were no genuine issues as to any material fact and that the defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.